UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY TUCKER,

                        Plaintiff,

    v.                                          Case No. 25-cv-937-pp

TRACY THOMPSON,

                        Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 19)**

Plaintiff Gregory Tucker, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Tracy Thompson based on allegations that she failed to adequately treat his chronic pain. Dkt. No. 13 at 5-6. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 19.

In that motion, the plaintiff states that he cannot afford a lawyer and this case involves complex issues. Id. at 1. He also states that he has limited legal knowledge and lacks legal training. Id. The plaintiff filed a supporting declaration in which he says that he has only a high school education and that he has limited ability to investigate the facts of the case. Dkt. No. 20. The plaintiff also filed a memorandum in support of his motion in which he describes the facts surrounding his claim against Thompson and contends that he needs counsel to litigate the case. Dkt. No. 21.

1

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. <u>Navejar v. Iyola</u>, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); <u>Ray v. Wexford Health Sources, Inc.</u>, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" <u>Henderson v. Ghosh</u>, 755 F.3d 559, 564 (7th Cir. 2014) (quoting <u>Olson v. Morgan</u>, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" <u>Eagan v. Dempsey</u>, 987 F.3d 667, 682 (7th Cir. 2021) (quoting <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. <u>Watts v. Kidman</u>, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. <u>Pickett v. Chi. Transit Authority</u>, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." <u>Eagan</u>, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2)

2

their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement for appointment of counsel. His filings show that he made a reasonable attempt to find a lawyer on his own. Dkt. No. 19-1. But he has not met the second requirement. On

October 22, 2025, the court denied the plaintiff's first motion to appoint counsel and reasoned, in part:

> The plaintiff's unfamiliarity with civil law is not reason to provide him counsel. His complaint and amended complaint show not only that the plaintiff knows which facts are important to the issues in his case but also that he is able to coherently articulate the legal bases for his claims based on the facts. The plaintiff says that he is not familiar with civil law, but his amended complaint contains many statements of law common in civil cases brought by incarcerated persons. He explains why he believes that Thompson's delays and denial of treatment constitute deliberate indifference, and he homes in on Thompson's alleged decision to pick a less effective treatment option. That is the exact claim on which the court is allowing him to proceed, a claim that he did not articulate in his original complaint. That suggests that the plaintiff did his research and learned more about his legal claim before filing his amended complaint. It also suggests that he is capable of litigating on his own at this point in the proceedings.

Dkt. No. 13 at 11-12.

In addition to the amended complaint, the plaintiff filed his motion to appoint counsel supported by a declaration and memorandum. Dkt. Nos. 19-21. These filings show that the plaintiff can effectively advocate for himself. The plaintiff also is actively engaged in discovery. About a week after the plaintiff filed his motion to appoint counsel, the parties filed a stipulation agreeing to extend the deadline for the defendants to respond to the plaintiff's discovery request. Dkt. No. 22. Based on the plaintiff's capabilities as well as the nature of his claim, the court concludes that he can conduct discovery and respond to a motion for summary judgment. The court will deny his motion without prejudice, which means that he can renew it later on if the case gets too complicated for him to manage on his own.

4

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 21st day of April, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5