UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY TUCKER,

Plaintiff,

v. Case No. 25-cv-937-pp

TRACY THOMPSON,

Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 38), GRANTING DEFEDNANT'S MOTION FOR EXTENSION OF TIME (DKT. NO. 43) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 40)**

Plaintiff Gregory Tucker, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Tracy Thompson based on allegations that she failed to adequately treat his chronic pain. Dkt. No. 13 at 5-6. On July 10, 2026, the plaintiff filed a motion for summary judgment, dkt. no. 26, and the defendant filed a motion for summary judgment, dkt. no. 32. On August 5, 2026, the plaintiff filed a motion for extension of time to respond to the defendant's motion for summary judgment, dkt. no. 38, and his third motion to appoint counsel, dkt. no. 40. On August 7, 2026, the defendant filed a motion for an extension of time to respond to the plaintiff's motion for summary judgment. This order denies without prejudice the plaintiff's motion

to appoint counsel and grants his motion for extension of time; the order also grants the defendant's motion for an extension of time.

## I. The Plaintiff's Motion to Appoint Counsel (Dkt. No. 40)

In his latest motion to appoint counsel, the plaintiff states that he cannot afford a lawyer and that this case involves complex issues. Dkt. No. 40. He also states that he and his jailhouse lawyer lack medical knowledge to adequately oppose the defendant's motion for summary judgment. Id. The plaintiff filed a brief in support of his motion in which he describes the facts surrounding his claim against Thompson and contends that he needs counsel to litigate the case. Dkt. No. 42.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-

55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience,

intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the requirement that he make a reasonable attempt to find a lawyer on his own. On April 21, 2026, the court denied without prejudice the plaintiff's second motion to appoint counsel. Dkt. No. 24. The court determined that the plaintiff's filings showed that he could effectively advocate for himself and that he was actively engaged in discovery. Id. at 4. The court reasoned that based on the plaintiff's capabilities as well as the nature of his deliberate indifference claim against the defendant, he could conduct discovery and respond to a motion for summary judgment. Id. After the court issued that order, the plaintiff filed his own motion for summary judgment along with a declaration, a statement of undisputed facts and a brief. Dkt. Nos. 32-35. The plaintiff's filings throughout this case have been persuasive, coherent, articulate and well-reasoned. He also has filed his own motion for summary judgment. Based on the plaintiff's filings and the nature of his claim, the court believes that he can respond to the defendant's summary judgment motion. The court again will deny without prejudice the plaintiff's motion to appoint counsel. If the plaintiff's claim survives summary judgment, he may renew his request for counsel. The court will grant the plaintiff's motion for

extension of time to respond to the defendant's motion for summary judgment. Dkt. No. 38.

## II. The Parties' Motions for Extension of Time (Dkt. Nos. 38, 43)

The plaintiff moves for an extension of time to respond to the defendant's motion for summary judgment, asking the court to grant him until thirty days after if decides his pending motion to appoint counsel. Dkt. No. 38. The defendant also moves for an extension of time to respond to the plaintiff's motion for summary judgment; they ask for a new deadline of September 6, 2026. Dkt. No. 43. The court will grant both motions and set one deadline for both parties to file their responses.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for an extension of time to respond to the defendant's motion for summary judgment. Dkt. No. 38

The court **GRANTS** the defendant's motion for an extension of time to respond to the plaintiff's motion for summary judgment. Dkt. No. 43.

The court **ORDERS** that both the plaintiff and the defendant must file their responses to the other party's motion for summary judgment by the end of the day on **September 11, 2026**. If, by the end of the day on September 11, 2026, a party has not filed a response to the other party's motion for summary judgment (or a request for an extension of time to respond), the court will treat the motion that has not been responded to as unopposed, that is, without considering a response from the opposing party.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 40.

Dated in Milwaukee, Wisconsin this 11th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**